UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 01-268 |
| LIONEL BROWN | SECTION "N" |

## **ORDER AND REASONS**

Defendant Lionel Brown seeks relief pursuant to 28 U.S.C. § 2255 on a variety of grounds essentially based on allegations of ineffective assistance of counsel. The defendant also seeks review of his sentence, i.e. a two level firearm enhancement under the United States Sentencing Guidelines. For the reasons stated herein, defendant's motion is **DENIED**.

Defendant Lionel Brown was the subject of a ten count indictment charging him and co-defendants with various controlled substance offenses, including conspiracy to possess with intent to distribute more than 50 grams of cocaine base within 1000 feet of a school, in violation of 21 U.S.C. § 841(a)(1), 846, and 860. A one count superseding bill of information was filed thereafter, charging Brown with conspiracy to possess with intent to distribute one kilogram of cocaine hydrochloride in violation of 21 U.S.C. § 841(a)(1) and 846. Brown entered into a plea agreement and pled guilty to the superseding bill. Among its various provisions, the plea agreement provided that Brown waive his right to appeal his sentence unless it exceeded the statutory maximum or

departed upwardly from the sentencing guideline range deemed applicable by this Court. On March 20, 2002, the District Court accepted Brown's guilty plea. A pre-sentence investigation report was prepared thereafter, and the Court sentenced the defendant on July 10, 2002. The PSR included a proposed two level enhancement for possession of a firearm, which was retrieved from Brown's bedroom at the time of his arrest, and a three level reduction for acceptance of responsibility, which resulted in a total offense level calculation of 25. Considering Brown's criminal history category, which was I, the sentencing range yielded under the sentencing guidelines was 60 to 71 months.

At sentencing, Brown objected to the firearm enhancement, which objection was overruled. Brown was sentenced to 70 months' incarceration, which Judgment was entered on July 11, 2002.

Brown timely filed a Notice of Appeal on July 19, 2002. The Fifth Circuit Court of Appeals dismissed the defendant's appeal as frivolous, and affirmed the Judgment of the District Court on April 24, 2003, with the mandate being issued on May 16, 2003.

## LAW AND ANALYSIS

### A. Ineffective Assistance of Counsel

The Sixth Amendment guarantees the right to effective assistance of counsel in criminal prosecutions.[1] In *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Supreme Court established a two-prong test to evaluate ineffective assistance claims. To obtain reversal of a conviction under the *Strickland* standard, the defendant must prove that counsel's

---

[1] *See McMann v. Richardson*, 397 U.S. 759, 711 n.14 (1970) (6th Amendment right to counsel is right to effective assistance of counsel).

performance fell below an objective standard of reasonableness[2] and that counsel's deficient performance prejudiced the defendant, resulting in an unreliable or fundamentally unfair outcome in the proceeding.[3]  A defendant's failure to satisfy one prong of the *Strickland* test negates a court's need to consider the other.[4]  In deciding whether a counsel's performance was ineffective under *Strickland*, a court must consider the totality of the circumstances.[5]

Under the performance prong of *Strickland*, there is a "strong presumption"[6] that counsel's strategy and tactics fall "within the wide range of reasonable professional assistance."[7]  Courts have declined to characterize counsel's performance as ineffective assistance when counsel acted according to the defendant's restrictions on strategy,[8] when the defendant failed to provide counsel

---

[2] *See Strickland*, 466 U.S. at 687-88; *Harris v. Day*, 226 F.3d 361, 364 (5th Cir. 2000) (judicial scrutiny of counsel's performance must be highly deferential, given "strong presumption" that counsel's conduct was reasonable professional conduct).

[3] *See Strickland*, 466 U.S. at 687; *see also Williams v. Taylor*, 529 U.S. 362, 396-99 (2000).

[4] *See* 466 U.S. at 697; *see*, *e.g.*, *Martin v. Cain*, 246 F.3d 471, 477 (5th Cir. 2001) (court need not address *Strickland*'s performance prong because defendant could not show prejudice).

[5] *See* 466 U.S. at 690 (court must "determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of reasonable professional judgment"); *see also Murray v. Carrier*, 477 U.S. 478, 496 (1986) ("[T]he right to effective assistance of counsel. . . may in a particular case be violated by even an isolated error of counsel if that error is sufficiently egregious and prejudicial.")

[6] In interpreting the prejudice prong, the Supreme Court has identified a narrow category of cases in which prejudice is presumed. *See Strickland*, 466 U.S. at 692 (1984). The presumption applies when there has been an "[a]ctual or constructive denial of the assistance of counsel altogether", when counsel is burdened by an actual conflict of interest, or when there are "various kinds of state interference with counsel's assistance." *See id; Cuyler v. Sullivan*, 446 U.S. 335, 350 (1980).   In these situations, prejudice is so likely to occur that a case-by-case inquiry is unnecessary.  The circumstances for presuming prejudice are not present herein. *See Strickland*, 466 U.S. at 692; *see also U.S. v. Cronic*, 466 U.S. 648, 658 (1984).

[7] *Strickland*, 466 U.S. 668, 689 (1984).

[8] *See, e.g.*, *Moore v. Johnson*, 194 F.3d 586, 607 (5th Cir. 1999) (counsel's purported failure to expend pretrial resources in an effort to unearth evidence that may have contradicted defendant's alibi defense was not ineffective assistance because defendant chose and insisted on alibi defense).

3

with complete and accurate information,[9] or when counsel refused to "assist[] the client in presenting false evidence or otherwise violating the law."[10]

Since prejudice is not presumed, the defendant must show that counsel's errors were prejudicial and deprived defendant of a "fair trial, a trial whose result is reliable."[11] This burden generally is met by showing that the outcome of the proceeding would have been different but for counsel's errors.[12] However, in some cases, the court will inquire further to determine whether counsel's ineffective assistance "deprive[d] the defendant of a substantive or procedural right to which the law entitles him." In the context of a guilty plea, a defendant can satisfy the prejudice prong by demonstrating that but for counsel's deficient performance, a reasonable probability exists that the defendant would not have pleaded guilty and would have insisted on a trial.[13] Similarly, in the context of a procedurally defaulted appeal, a defendant can satisfy the prejudice prong by

---

[9] *See e.g.*, *Lackey v. Johnson*, 116 F.3d 149, 152 (5th Cir. 1997) (counsel's failure to avoid eliciting damaging testimony from defense witness was not ineffective assistance because defendant did not inform counsel he molested daughter).

[10] *Nix v. Whiteside*, 475 U.S. 157, 166, 171 (1986) (counsel provided effective assistance by preventing defendant from committing perjury).

[11] *Strickland*, 466 U.S. at 687. Unlike the performance prong of the *Strickland* test, which is analyzed at the time of trial, the prejudice prong of the *Strickland* test is examined under the law at the time the ineffective assistance claim is evaluated. *See Lockhart v. Fretwell*, 506 U.S. 364, 367-68 (1993).

[12] *See Williams v. Taylor*, 529 U.S. 362, 391-93 (2000). To prove prejudice, the defendant must establish a "reasonable probability" that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 692. The Court has rejected the proposition that the defendant must prove more likely than not that the outcome would have been altered. *See id.; see also Woodford v. Viscotti*, 537 U.S. 19, 22-23 (2002).

[13] *See Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *see e.g. Daniel v. Cockrell*, 283 F.3d 697, 708 (5th Cir. 2002).

demonstrating that there is a reasonable probability that, but for counsel's deficient failure to consult with defendant about an appeal, defendant would have timely appealed.[14]

The record clearly demonstrates that the defendant's claims are without merit. For instance, Brown claims that "counsel failed to advise Petitioner of all the relevant circumstances and likely consequences surrounding his plea." (Memorandum in Support, p. 5)  Reference is made to the inclusion of this Court's consideration of the firearm with regard to sentencing (see further discussion below).  Nonetheless, the record reveals that the undersigned expressly advised Brown that other factors set forth in the presentence investigation report could and would be considered in fashioning a sentence, pursuant to the United States Sentencing Guidelines.  Brown indicated his understanding.

Secondly, Brown claims that counsel was ineffective for "failure to use case law when arguing at sentencing, two level firearm enhancement." (Memorandum in Support, p. 6)  Brown does not identify what "case law" would have carried the day in convincing this Court not to employ a sentencing enhancement based upon the firearm.  His argument that his attorney egregiously erred is therefore without merit.

Thirdly, Brown claims that his waiver of appellate rights was not entered into knowingly and voluntarily.  Nonetheless, the record, again, refutes Brown's argument.  See Hearing of March 20, 2002, wherein the undersigned explained to and questioned Brown about such waiver, and Brown indicated his understanding of such waiver.

---

[14] *See Roe v. Flores-Ortega*, 528 U.S. 470, 484 (2000).

Brown further claims that the District Court erred in imposing a two level firearm enhancement under U.S.S.G. § 2D1.1(b)(1), as "the government failed to prove the temporal and spacial connection between the firearm and the offense that is necessary to support the enhancement", and also that the District Court erred in overruling the defendant's objection to such enhancement set forth in the presentence investigation report. Defendant is wrong in claiming any shortcoming of his counsel in making and arguing the unsuccessful objection to the two level enhancement, as the Court appropriately considered all evidence, including that set forth in the presentence investigation report, as it was entitled to do under the terms of the plea agreement.

To the extent that Brown claims, overall, that he unknowingly and involuntarily waived certain rights as a result of his counsel's failure to properly explain and counsel him accordingly, the record simply does not support such claims; in fact, the record clearly refutes the notion that Brown would receive a particular sentence selected from a particular sentencing guideline, as he now attempts to argue. Therefore, Brown has failed to show not only such error on behalf of counsel that is outside the range of competence expected of attorneys in cases such as this, but also has failed to show that, but for any such error or defective advice, he would not have pleaded guilty and would have insisted on going to trial. See *Hill v. Lockhart,* 474 U.S. 52 (1985).

### B.     Waiver of Relief on Direct Appeal Issues

Brown also claims that the waiver of his appellate rights, and perhaps even his right to seek post conviction relief, was not knowing and voluntary, and thus the sentencing issue is properly before this Court. The Fifth Circuit Court of Appeals has already found that the defendant's waiver of appeal in his plea agreement was valid. Moreover, under Fifth Circuit jurisprudence, an informed

and voluntary waiver of post conviction relief, such as was made by Brown herein, is effective to bar further consideration of such issues pursuant to § 2255. *United States v. Wilkes,* 20 F.3d 651, 653 (5th Cir. 1994).

## **CONCLUSION**

The Court finds that an evidentiary hearing is not necessary to decide the issues raised by the defendant herein, as the existing record itself clearly supports the denial of the relief sought by the defendant. For the reasons stated herein above, the defendant's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 be and is hereby **DENIED**.

New Orleans, Louisiana, this __11th__ day of January, 2007.

_____
**KURT D. ENGELHARDT
United States District Judge**